Filed 5/23/22  P. v. Pennell CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br> AARON ROBERT PENNELL,<br><br>    Defendant and Appellant. | C094149<br><br>(Super. Ct. No. STKCRFE20090006418, SF111573A) |

Defendant Aaron Robert Pennell appeals the trial court's denial of the Department of Corrections and Rehabilitation's (CDCR) recommendation to consider recalling defendant's sentence and resentencing him.  Agreeing with the parties that recent statutory changes warrant reconsideration, we reverse and remand.

## I.  BACKGROUND

In February 2010, defendant entered a guilty plea, stipulating to a sentence of 24 years eight months for kidnapping and two counts of second degree robbery—all

1

enhanced for personal use of a firearm under section 12022.53, subdivision (b)—and dissuading a witness by threat of force.

In April 2021, the Secretary of the CDCR sent a letter to the trial court recommending recall and resentencing of defendant pursuant to the former version of Penal Code section 1170, subdivision (d)(1) (former section 1170(d)(1)),[1] which authorized a court, at any time after receiving a recommendation from CDCR, to recall an inmate's sentence and resentence that inmate to a lesser sentence. The recommendation was based on section 12022.53, subdivision (h), which had recently been amended by Senate Bill No. 620 (2017-2018 Reg. Sess.) (Stats. 2017, ch. 682) to grant courts discretion to strike or dismiss firearms enhancements in the interest of justice.

In May 2021, the court, without appointing counsel, providing notice, holding a hearing, or explaining its reasoning, declined to exercise its discretion to recall defendant's sentence or strike the enhancements.

While defendant's appeal was pending, Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 719, §§ 1-7) (Assembly Bill 1540) came into effect on January 1, 2022, and moved the recall and resentencing provisions of former section 1170(d)(1) to new section 1170.03.

## II. DISCUSSION

Defendant argues Assembly Bill 1540 (1) constitutes a clarification of existing law and therefore applies to cases involving the interpretation of former section 1170(d)(1), and (2) applies retroactively to his case pursuant to *In re Estrada* (1965) 63 Cal.2d 740. While the People do not concede the merits of defendant's arguments, they acknowledge that in the interest of judicial economy we may reverse the trial court's order and remand for new proceedings under section 1170.03. We agree with defendant that Assembly

---

[1] Undesignated statutory references are to the Penal Code.

Bill 1540 applies to his case because it is a clarification of former section 1170(d)(1), and we will therefore reverse and remand.

"Former section 1170(d)(1) authorized a trial court, at any time upon the recommendation of the Secretary, to 'recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence.' This same language is contained in section 1170.03, which is where Assembly Bill 1540 moved the recall and resentencing provisions of former section 1170(d)(1). (§ 1170.03, subd. (a)(1).)

"Former section 1170(d)(1) (and now section 1170.03) authorizes the Secretary of the CDCR to recommend to the superior court that the court recall a previously imposed sentence and resentence the defendant. [Citation.] The CDCR recommendation furnishes the court with jurisdiction it would not otherwise have to recall and resentence and is 'an invitation to the court to exercise its equitable jurisdiction.' [Citation.]

"In addition to moving the recall and resentencing provisions of former section 1170(d)(1) to section 1170.03, Assembly Bill 1540 also clarifies the required procedures including that, when recalling and resentencing, the court 'shall . . . apply any changes in law that reduce sentences or provide for judicial discretion.' (§ 1170.03, subd. (a)(2).) Where, as here, the CDCR recommends recall and resentencing, the court is also now required to hold a hearing (unless the parties otherwise stipulate), state on the record its reasons for its decision, provide notice to the defendant, and appoint counsel for the defendant. (§ 1170.03, subds. (a)(6)-(8), (b)(1).) In addition, where a resentencing request is made, there is now a presumption in favor of recall and resentencing of the defendant, 'which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety.' (§ 1170.03, subd. (b)(2).)" (*People v. McMurray* (2022) 76 Cal.App.5th 1035, 1040.)

Former section 1170(d)(1) additionally provided that the court "may reduce a defendant's term of imprisonment and modify the judgment, including a judgment entered after a plea agreement, if it is in the interest of justice." Construing that language, this court concluded: "Trial courts are not bound by a stipulated sentence negotiated by the parties when resentencing under [former] section 1170(d)(1)." (*People v. Pillsbury* (2021) 69 Cal.App.5th 776, 788.) Section 1170.03, similarly provides that the court "in the interest of justice and regardless of whether the original sentence was imposed after a trial or plea agreement" may "[r]educe defendant's term of imprisonment by modifying the sentence." (*Id.*, subd. (a)(3)(A).)

In *People v. McMurray*, *supra*, 76 Cal.App.5th 1035, we held: "[T]he Legislature repeatedly indicated that Assembly Bill 1540 was intended to 'make clarifying changes' to former section 1170(d)(1), including specifying the required procedure and guidelines when the CDCR recommends recall and resentencing. [Citation.] . . . Under the circumstances, the appropriate remedy is to reverse and remand the matter, so that the trial court can consider the CDCR's recommendation to recall and resentence defendant under the new and clarified procedure and guidelines of section 1170.03. [Citation.] This is especially true here, given that the trial court failed to provide defendant with notice of the recommendation from the CDCR, appoint counsel for defendant, hold a hearing, or state its reasons for declining to recall and resentence defendant." (*Id.* at p. 1041.)

The same reasoning applies here. Given our conclusion, we need not address defendant's remaining contentions.

### III.  DISPOSITION

The order declining to recall and resentence defendant is reversed.  The matter is remanded for reconsideration of CDCR's recommendation to recall and resentence defendant in accordance with section 1170.03 as added by Assembly Bill 1540.

/S/

_____

RENNER, J.

We concur:

/S/

_____

BLEASE, Acting P. J.

/S/

_____

HULL, J.